**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOHN DOE,<br><br>               Petitioner,<br><br>  v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>               Respondent. | No. 23-271<br><br>Agency No. Securities and<br>Exchange Commission<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Securities and Exchange Commission

Argued and Submitted May 12, 2025
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

John Doe petitions for review of an order of the Securities and Exchange

Commission ("SEC") denying his claim for a whistleblower award under Section

21F of the Securities Exchange Act of 1934. We have jurisdiction under 15 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

§ 78u-6(f), and we deny the petition.

Because whistleblower award determinations are made "in the discretion of the [SEC]," *id.*, we may set aside the SEC's determination only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (2)(E); *see* 15 U.S.C. § 78u-6(f). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ponce v. SEC*, 345 F.3d 722, 728 (9th Cir. 2003) (cleaned up).

The record supports the SEC's determination that Doe was not entitled to a whistleblower award because Doe did not provide information to the SEC "that led to the successful enforcement" of a covered action. 15 U.S.C. § 78u-6(b); *see* 17 C.F.R. § 240.21F-4(c) (defining information that satisfies the "led to" requirement). The success of the civil action was neither "based in whole or in part" on Doe's information, nor did Doe's information "significantly contribute[]" to the success" of the civil action.

To the extent Doe challenges the sufficiency of the administrative record, that challenge also fails. Doe has not identified any additional documents or facts that he believes should be in the evidentiary record. Nor are we aware of any legal authority requiring the SEC to corroborate a declaration of its lead attorney on the SEC's investigation. Accordingly, substantial evidence supports the sufficiency of

the administrative record.

Because Doe's information does not satisfy the "led to" requirement, we need not address Doe's other arguments regarding his whistleblower award application.

**PETITION FOR REVIEW DENIED.**